Erich Tomkinson, SBN 316418
Harris Personal Injury Lawyers, Inc.
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
T:      213 228 3558
F:      213 223 6733
E:      erich@hpilaw.com

*Attorney for Plaintiffs*
*Nadine Eisenkolb & Cornelia Zeidler*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| NADINE EISENKOLB, an individual; CORNELIA ZEIDLER, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES POSTAL SERVICE; UNITED STATES OF AMERICA; and DOES 1 through 20, Inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiffs NADINE EISENKOLB & CORNELIA ZEIDLER ("Plaintiffs") allege as follows:

## I.  JURISDICTION AND VENUE

1.      This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, which provides that United States District Courts shall have "exclusive jurisdiction of civil actions on claims against the United States, for money damages" and which vests exclusive subject matter jurisdiction of the Federal Tort Claims litigation in the Federal District Court.

2.      Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1402(b) because the negligent acts giving rise to the Federal Tort Claim alleged herein occurred within the Central District of California, and the Plaintiff resides within the Central District. Venue is proper specifically in the Southern Division of this District because the negligent acts

giving rise to the Federal Tort Claim alleged herein occurred within the Southern Division of the Central District of California.

3.    Pursuant to 28 U.S.C. § 2675(a), Plaintiffs presented a separate and individual administrative claims to the Unites States Postal Service. This claim was presented on or about June 1, 2018, more than six months from the current date. The United States Postal Service has failed to make a final disposition of this claim, and Plaintiff deems such failure to be a denial of the claim.

## II.  PARTIES

4.  Plaintiffs hereby incorporate by reference paragraphs 1 through 3 as though fully set forth herein.

5.  Plaintiffs are natural persons and are citizens of Germany who, at all times herein relevant, has resided in Los Angeles, California.

6.  Defendant, United States Postal Service, is an agency of the United States of America.

7.  Plaintiffs are unaware of the names and capacities of Defendants Does 1 through 20 inclusive, and therefore sues them by fictitious names.  Plaintiffs will amend their Complaint to show the true names and capacities of these Defendants once they are ascertained.  Plaintiffs are informed, believes and thereon alleges that each of these Defendants is responsible in some manner for the wrongful acts alleged in her Complaint and proximately caused Plaintiffs' damages.

8.  Plaintiffs are informed and believes and thereon alleges that, at all times herein mentioned, Defendants, and each of them, were and are the agents and employees of the remaining Defendants and were and area at all times herein relevant acting within the course and scope of said agency and employment and that each defendant has ratified and approved the acts of his/her/its agent.

## III. LIABILITY OF THE UNITED STATES POSTAL SERVICE

9.  Plaintiffs hereby incorporate by reference paragraphs 1 through 8 as though fully set forth herein.

10. The liability of Defendant, United States of America, and the liability of its agent, Defendant United States Postal Service, is predicated specifically on 28 U.S.C. § 1346(b) and 2674 because the personal injuries, and resulting damages of which complaint is herein made, were proximately caused by the negligence, wrongful acts, and/or omissions of employees of Defendants, United States of America and United States Postal Service, by reason of the acts of Defendants, United States of American and United States Postal Service, through their employee, in the city of Los Angeles, County of Los Angeles, California, while acting within the course and scope of their employment, under circumstances where Defendants, United States of America and United States Postal Service, if private persons, would be liable to Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of California.

11. Again, as is alleged above, Defendant, United States Postal Service, is an agency of Defendant United States of America. Defendant United States of America, at all times material hereto, owned operated, and controlled the agency and service known as the United States Postal Service, and through said agency owned, operated and maintained equipment, facilities, and services driven by Defendant United States Postal Service's employee.

12. This is an action brought under the Federal Tort Claims Act for personal injuries arising out of an automobile collision which occurred on or about May 12, 2018, near the intersection of Bundy Drive and Rochester Avenue, in the city of Los Angeles, County of Los Angeles, State of California. This location is within the Central District of California – Western Division.

## IV. FACTUAL ALLEGATIONS

13. Plaintiff hereby incorporates by reference paragraphs 1 through 12 as though fully set forth herein.

14. At all times herein mentioned, "Defendants" refers to the UNITED STATES OF AMERICA, UNITED STATES POSTAL SERVICE and DOES 1 through 20.

15. At all times herein mentioned Defendants were the operator of that certain vehicle owned by Defendants.

16. At all times herein mentioned Defendants operated that certain vehicle owned by Defendants in the course and scope of their employment with Defendants and acted as an agent for Defendants.

17. On or about May 12, 2018, Defendants operated Defendants' vehicle in such a negligent manner as to make an unsafe turn with their vehicle and consequently cause a collision with Plaintiff's vehicle, causing serious injuries to Plaintiff.

## V.  **FIRST CAUSE OF ACTION**

### **NEGLIGENCE**

*(As to All Defendants)*

18. Plaintiff hereby incorporates by reference paragraphs 1 through 17 as though fully set forth herein.

19. On or about May 12, 2018, Defendants operated Defendants' vehicle in Los Angeles County in such a negligent manner as to maintain an unreasonable speed unsafe for the conditions and, as a result, smash into the rear of Plaintiff's vehicle, causing Plaintiff's body to be violently tossed back and forth, all of which resulted in serious injuries to Plaintiff.

20. At said times and places, Defendants negligently, carelessly, and without due care or regard for the life, safety, and rights of Plaintiff, did so own, maintain, operate, and/or failed to maintain the vehicle driven by Defendants in a safe manner, causing Defendants' vehicle to slam into Plaintiff's vehicle, causing serious injuries to Plaintiffs.

21. Defendants, employees of Defendants, caused the aforementioned collision while in the course and scope of their employment with, and while acting as an agent for them.  Therefore, Defendants are all fully responsible for Defendants' conduct through the doctrine of *respondeat superior*.

22. As a proximate result of the negligence of Defendants, and each of them, Plaintiff was hurt and injured in their health, strength, and activity, sustaining injury to their body and shock and injury to their nervous system and person, all of which said injuries have caused, and continue to cause Plaintiffs great mental, physical and emotional distress and pain and suffering. Plaintiffs are informed, believes and thereon allege, that said injuries will result in some

1  permanent disability to said Plaintiffs, all to their general damages in an amount to be proven at

2  trial.

3      23. As a proximate result of the negligence of the Defendants, and each of them, Plaintiffs

4  have incurred and will continue to incur medical and related expenses, in an amount that is

5  unknown at this time but which will be proven at the time of trial.

6      24. As a proximate result of the negligence of the Defendants, and each of them, Plaintiffs

7  have sustained economic damages and loss of earnings, and will continue to incur economic

8  damages and loss of earnings in an amount that is unknown at this time but which will be proven

9  at the time of trial.

10      25. As a further proximate result of the negligence of the Defendants, and each of them,

11  Plaintiffs have suffered and will continue to suffer, a loss of earning capacity in an amount

12  presently unknown but which will be proven at the time of trial.

13      26. As a further proximate result of the negligence of the Defendants, and each of them,

14  Plaintiff has suffered and will continue to suffer general damages in an amount presently

15  unknown, but which will be proven at the time of trial.

**SECOND CAUSE OF ACTION**

**NEGLIGENCE PER SE**

*(As to All Defendants)*

19      27. Plaintiffs hereby incorporates by reference paragraphs 1 through 26 as though fully set

20  forth herein.

21      28. Plaintiff is further informed, believes, and thereon alleges, that Defendants:

22      a.          Violated Vehicle Code § 22350 in that Defendants' speed was unreasonable

23  and unsafe for conditions and

24      b.          As a result, caused a significant and violent impact between Defendants'

25  vehicle and the front of Plaintiff's vehicle.

26      29. Plaintiffs are further informed, believes and thereon alleges that as a direct, proximate

27  and legal result of the negligence, carelessness, and unlawfulness of Defendants, Plaintiffs were

28  injured in their health, strength and activity, in various parts of their body. Plaintiffs also

sustained shock and injury to their nervous system and person, all of which injuries have caused and continue to cause Plaintiffs severe mental, physical and nervous injury, anxiety, and pain and suffering. Plaintiffs are informed, believes, and thereon alleges, that these injuries caused by Defendants will result in some permanent disability to Plaintiff, all to her general damages, in an amount to be proven at trial.

30. Plaintiffs are informed, believes and thereon alleges, that as a further direct, proximate and legal result of the negligence, carelessness, and unlawfulness of Defendants, Plaintiff was required to, and did, employ physicians, nurses, hospitals, therapists, and other medical and chiropractic professional services to treat and care for her. As a result, Plaintiffs incurred and continues to incur expenses for medical and chiropractic treatment and care, medicines, and incidental care.

31. Plaintiffs are informed, believes and thereon alleges, that in the future as a further direct, proximate and legal result of the negligence, carelessness, and unlawfulness of Defendants, Plaintiff will require the services of physicians, surgeons, therapists, nurses, hospitals and other medical and chiropractic professional services to treat and care for them, and the reasonable amount of said services and liability will conform to proof at the time of trial.

32. As a proximate result of the negligence of the Defendants, Plaintiffs have sustained economic damages and loss of earnings, and will continue to incur economic damages and loss of earnings in an amount that is unknown at this time but which will be proven at the time of trial.

33. As a further proximate result of the negligence of the Defendants, Plaintiffs have suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

## JURY DEMAND

34. Plaintiffs demand a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

1.    General damages to Plaintiff, according to proof;

2.    Economic damages to Plaintiff, according to proof,

3.    Medical and related expenses of Plaintiff, according to proof;

4.    Loss of earnings of Plaintiff, according to proof;

5.    Loss of earning capacity of Plaintiff, according to proof;

6.    Costs of suit herein;

7.    Loss of Plaintiffs' property, according to proof;

8.    Loss of use of Plaintiffs' property to Plaintiff, according to proof;

9.    Prejudgment interest;

10.   Such other further relief as the Court deems just and proper.

DATED: January 14, 2019                    Harris Personal Injury Lawyers, Inc.

By: _____
    Erich Tomkinson
    Attorney for Plaintiff